NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 06-CV-15-KKC

DAVID B. JENNINGS                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

DEBBIE KAYS, ET AL.                                                 DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

David B. Jennings, an individual currently confined in the Northpoint Training Center, a state penal facility in Burgin, Kentucky, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, and a motion to proceed *in forma pauperis*. The motion will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons to be discussed below, the instant complaint will be dismissed.

CLAIMS

The plaintiff claims that the Kentucky Department of Corrections is incorrectly calculating his sentence in accordance with Kentucky Revised Statute Section ("KRS") 197.045(4), which violates (1) the ex post facto clause of the U.S. Constitution; (2) his due process rights under the Constitution's Fifth and Fourteenth Amendments; and (3) Kentucky's Constitution at Section 13.

DEFENDANTS

As defendants, the plaintiff has named the Kentucky Department of Corrections ("KDOC"); a KDOC Offender Information Specialist named Debbie Kays; and the Commonwealth of Kentucky.

<u>RELIEF REQUESTED</u>

The plaintiff seeks a bench trial; a declaration that the application of KRS 197.045(4) to him violates the ex post facto clause; appointment of counsel; and injunctive relief, in the form of an order directing the defendants to re-calculate his sentence, without the operation of the statute.

<u>ALLEGATIONS OF THE COMPLAINT</u>

The plaintiff sets out a chronology of events which begins with the date of the offense for which he is serving his current sentence, the offense of sodomy, committed on January 1, 1998. More than 6 months later, on July 15, 1998, the following state statute became effective:

> 197.045 Credit on sentence for good conduct, educational accomplishment, or meritorious service; requirement of completion of sex offender treatment program for sex offenders; forfeiture of credit for certain dismissals of inmates' civil actions.
> . . .
> (4)     Until successful completion of the sex offender treatment program, a sex offender may earn good time.  However, the *good time shall not be credited to the sex offender's sentence*.  Upon the successful completion of the sex offender treatment program, as determined by the program director, the offender shall be eligible for all good time earned but not otherwise forfeited under administrative regulations promulgated by the Department of Corrections.  After successful completion of the sex offender treatment program, a sex offender may continue to earn good time in the manner provided by administrative regulations promulgated by the Department of Corrections.  Any sex offender, as defined in KRS 197.410, who has not successfully completed the sex offender treatment program as determined by the program director shall not be entitled to the benefit of any credit on his sentence. A sex offender who does not complete the sex offender treatment program for any reason shall serve his entire sentence without benefit of good time, parole, or other form of early release.  *The provisions of this section shall not apply to any sex offender convicted before July 15, 1998*, or to any mentally retarded sex offender.

KRS 197.045(4) (emphasis added).

On May 6, 2002, the plaintiff was convicted of sodomy in the second degree, a Class C felony, and was sentenced to 10 years' imprisonment, *Commonwealth v. Jennings*, Henderson Circuit Court No. 01-CR-0190.  Pursuant to the statute, the KDOC has purportedly refused to credit

2

the plaintiff with good time which he has earned.  Jennings will, therefore have to serve a longer sentence without deductions for good time.  He attaches a KDOC print-out showing the Commonwealth's calculation of his sentence.

Plaintiff's main argument is that the application of the above-quoted statute to him, based upon his *conviction occurring* after July 15, 1998, violates the ex post facto clause.  This is so, he claims, because the Supreme Court has interpreted that clause to be offended if a more severe punishment is imposed on a prisoner for an *offense occurring* before the effective date of the new punishment, because the whole rationale of the ex post facto clause is notice of the offending conduct, not the date of conviction.  He specifically relies on *Weaver v. Graham*, 450 U.S. 24 (1981) and *Miller v. Florida*, 482 U.S. 423 (1987), from which he quotes extensively.

The plaintiff also reveals that the Commonwealth and KDOC rely on *Martin v. Chandler*, 122 S.W.3d 540 (Ky. 2003) and *Lozier v. Commonwealth*, 32 S.W.3d 511 (Ky. App. 2000), in which the Kentucky's appellate courts have ruled that the application of KRS 197.045(4) to a *sentence handed down after* July 15, 1998, does not offend the ex post facto clause.  Plaintiff attaches the 2005 opinion of the Kentucky Court of Appeals, in *Jennings v. Kays, et al.*, 2004 CA-01143, wherein the intermediate level of the Commonwealth's appellate system did, indeed, rely on the Commonwealth's cases; distinguish the plaintiff's Supreme Court cases; and find that the application of KRS 197.045(4) to the instant plaintiff was not a violation of the ex post facto clause.  A final attachment is a copy of the order of the Supreme Court of Kentucky denying discretionary review of Jennings's case on November 16, 2005.

On February 22, 2006, the plaintiff came to this Court.

3

<u>DISCUSSION</u>

The plaintiff having alleged a violation of his civil rights and having exhausted the matter administratively and in the Kentucky courts, the Court will require a response.

As to the proper defendant to be summoned, the Supreme Court has held that the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against the states. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment precludes actions in which the state is directly named as a party, *Edelman v. Jordan*, 415 U.S. 651 (1974). Thus, the Commonwealth of Kentucky should be dismissed as a defendant in this claim.

Similarly, the KDOC is an agency of the Commonwealth of Kentucky, and as such, neither are "persons" susceptible to being sued under §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). "In the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

However, the Eleventh Amendment "does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." *Thiokol Corp. v. Dept. of Treas., State of Mich.*, 987 F.2d 376, 381 (6th Cir. 1993). *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, n.10 (1989) (state officers who are violating federal law may always be sued for injunctive relief).

4

<u>ORDER</u>

Accordingly, and the Court being advised, **IT IS ORDERED** as follows:

(1)     The Commonwealth of Kentucky and the Kentucky Department of Corrections are dismissed as defendants herein, *sua sponte*, and without prejudice.

(2)     The defendant in this action is Debbie Kays, whom the Court construes to be sued in her official capacity.

(3)     The Clerk of the Court is directed to forward by certified mail, return receipt requested, one copy of the complaint and Memorandum Opinion and Order herein to the Office of General Counsel for the Kentucky Department of Corrections, Frankfort, Kentucky.  General Counsel shall have ten (10) days from the date of entry of this Order to complete and file a notice of waiver of service against any or all of the named defendants.

If a waiver is not filed within said ten (10) days, the Clerk shall notify the Pro Se Office.

(4)     The answer to the complaint shall be filed no later than 60 days after the notice of waiver of service is filed.  However, if service is required, the answer shall be filed no later than 20 days after service of summons.

(5)     The plaintiff shall keep the Clerk of the Court informed of his current mailing address.  Failure to notify the Clerk of any address change may result in a dismissal of this case.

(6)     For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  If a District Judge

5

or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

Dated this 30th day of March, 2006.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**