NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 06-CV-15-KKC

DAVID B. JENNINGS                                                PLAINTIFF

VS:               **MEMORANDUM OPINION AND ORDER**

DEBBIE KAYS, ET AL.                                     DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant's motion to dismiss [Record No. 12], to which the plaintiff has responded [Record No. 18]; and the plaintiff's motion for appointment of counsel [Record No. 3].

BACKGROUND

On February 22, 2006, David B. Jennings, an individual confined in the Northpoint Training Center, a state penal facility in Burgin, Kentucky, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, together with a motion to proceed *in forma pauperis* and a motion for appointment of counsel. He alleged that the Kentucky Department of Corrections is incorrectly calculating his sentence in accordance with Kentucky Revised Statute ("KRS") §197.045(4), in violation of (1) the ex post facto clause of the U.S. Constitution; (2) his due process rights; and (3) Kentucky's Constitution at Section 13.

Upon screening, the Court granted the plaintiff permission to proceed *in forma pauperis* and directed the issuance of summons on Debbie Kays, the person who purportedly calculates and applies prisoners' good time credits toward satisfaction of their sentences. In the same Order, the Court summarized the plaintiff's factual allegations in pertinent part as follows:

The plaintiff sets out a chronology of events which begins with the date of the offense for which he is serving his current sentence, the offense of sodomy, committed on January 1, 1998. More than 6 months later, on July 15, 1998, the following state statute became effective:

> 197.045 Credit on sentence for good conduct, educational accomplishment, or meritorious service; requirement of completion of sex offender treatment program for sex offenders; forfeiture of credit for certain dismissals of inmates' civil actions.
>
> . . .
>
> (4) Until successful completion of the sex offender treatment program, a sex offender may earn good time. However, the *good time shall not be credited to the sex offender's sentence*. Upon the successful completion of the sex offender treatment program, as determined by the program director, the offender shall be eligible for all good time earned but not otherwise forfeited under administrative regulations promulgated by the Department of Corrections. After successful completion of the sex offender treatment program, a sex offender may continue to earn good time in the manner provided by administrative regulations promulgated by the Department of Corrections. Any sex offender, as defined in KRS 197.410, who has not successfully completed the sex offender treatment program as determined by the program director shall not be entitled to the benefit of any credit on his sentence. A sex offender who does not complete the sex offender treatment program for any reason shall serve his entire sentence without benefit of good time, parole, or other form of early release. *The provisions of this section shall not apply to any sex offender convicted before July 15, 1998*, or to any mentally retarded sex offender.

KRS 197.045(4) (emphasis added).

On May 6, 2002, the plaintiff was convicted of sodomy in the second degree, a Class C felony, and was sentenced to 10 years' imprisonment, *Commonwealth v. Jennings*, Henderson Circuit Court No. 01-CR-0190. Pursuant to the statute, the KDOC has purportedly refused to credit the plaintiff with good time which he has earned. Jennings will, therefore have to serve a longer sentence without deductions for good time. He attaches a KDOC print-out showing the Commonwealth's calculation of his sentence.

Plaintiff's main argument is that the application of the above-quoted statute to him, based upon his *conviction occurring* after July 15, 1998, violates the ex post facto clause. This is so, he claims, because the Supreme Court has interpreted that clause to be offended if a more severe punishment is imposed on a prisoner for an

2

*offense occurring* before the effective date of the new punishment, because the whole rationale of the ex post facto clause is notice of the offending conduct, not the date of conviction. He specifically relies on *Weaver v. Graham*, 450 U.S. 24 (1981) and *Miller v. Florida*, 482 U.S. 423 (1987), from which he quotes extensively.

The plaintiff also reveals that the Commonwealth and KDOC rely on *Martin v. Chandler*, 122 S.W.3d 540 (Ky. 2003) and *Lozier v. Commonwealth*, 32 S.W.3d 511 (Ky. App. 2000), in which the Kentucky's appellate courts have ruled that the application of KRS 197.045(4) to a *sentence handed down after* July 15, 1998, does not offend the ex post facto clause. Plaintiff attaches the 2005 opinion of the Kentucky Court of Appeals, in *Jennings v. Kays, et al.*, 2004 CA-01143, wherein the intermediate level of the Commonwealth's appellate system did, indeed, rely on the Commonwealth's cases; distinguish the plaintiff's Supreme Court cases; and find that the application of KRS 197.045(4) to the instant plaintiff was not a violation of the ex post facto clause. A final attachment is a copy of the order of the Supreme Court of Kentucky denying discretionary review of Jennings's case on November 16, 2005.

Record No. 5, at 1-3.

## CURRENT PLEADINGS

In an initial Response and Motion to Dismiss, the Commonwealth's first counsel argued that the plaintiff has failed to state a claim upon which the Court may grant relief; on similar claims the *Martin* and *Lozier* courts found no ex post facto violation in the statute; and the matter is *res judicata*, as the plaintiff's own attachments show that the Kentucky appellate courts have already rejected his claims on the merits.

After substitution of counsel, new counsel has submitted an Answer asserting that the plaintiff has failed to state a claim against Ms. Kays, in that he has challenged only the statute and alleged no personal involvement on her part. Moreover, this defendant "is not involved in the calculation or determination of inmate sentences and, therefore, has no power to provide the relief requested." She also offers several affirmative defenses, including the bar of the statute of limitations.

3

In response to these pleadings, the plaintiff reiterates that Ms. Kays is, indeed, the person applying the statute; also, he did not find out about its application to him until 2004, and thus his action is timely. Additionally, he insists that the application of the law to him "after the <u>date the offense is committed</u>" is an ex post facto violation under Supreme Court precedent.

<u>DISCUSSION</u>

The law with regard to this issue is unequivocal and unchanging. Since well before the instant plaintiff committed his offenses, the Supreme Court has adhered to certain principles first set out in *Weaver v. Graham*, 450 U.S. at 24, and has directed that the focus of the ex post facto inquiry is on whether any legislative change alters the definition of criminal conduct or increases the penalty by which a crime is punishable. *Collins v. Youngblood*, 497 U.S. 37, 14 (1990).

Both the Kentucky Courts and the United States Court of Appeals for the Sixth Circuit have made this inquiry in examining the same statute at issue herein when the same ex post facto claim has been made by previous Kentucky inmates convicted of sex crimes. No prisoner has prevailed. A reading of the opinion wherein the Kentucky Court of Appeals denied Plaintiff Jennings relief is consistent with its own *Lozier* opinion and Kentucky Supreme Court's analysis in the *Martin* case cited therein.

In *Martin*, the Supreme Court of the Commonwealth was faced with an identical situation as herein: the prisoner had committed certain sexual offenses in 1994; KRS 197.045(4) became effective on July 15, 1998; and the prisoner pled guilty to the 1994 charges in 1999. The Commonwealth's highest court traced ex post facto law from the time of *Weaver* and *Collins* and Kentucky law since the effective date of the statute, ultimately finding that "[t]he *Lozier* Court correctly held that KRS 197.045(4) did 'not operate as an ex post facto law as applied to [Lozier]'

because it did not increase Lozier's sentence." *Martin*, 122 S.W.3d at 549 (quoting *Lozier,* 32 S.W.3d at 512). Accordingly, the State Supreme Court found no ex post facto or other constitutional basis to require the State to ignore KRS 197.045(4), and therefore, relief was denied. *Id*. at 552.

In the Sixth Circuit, at least two additional Kentucky inmates have brought earlier civil rights actions with this claim and been denied relief based upon the same U.S. Supreme Court and Kentucky case law. *See Froman v. Peterson*, 74 Fed.Appx. 484, 486 (6th Cir. 2003) (affirming summary judgment for Kentucky officials after concluding that under *Lozier*, KRS "197.045(4) does not violate Ex Post Facto Clause because it does not impose additional punishment or deprive inmates of previously earned sentence credits") (unpublished); *Lewis v. Campbell*, 62 Fed.Appx. 109 (6th Cir. 2003) (affirming dismissal for failure to state a claim on the ground that the statute did not increase Lewis' sentence, and he could, therefore, prove no set of facts in support of his claim which would entitle him to relief).

The instant plaintiff offers no facts or law which would suggest a different resolution than the afore-described dispositions of his ex post facto claim. As to the due process and Kentucky Constitutional claims which he urged originally, Jennings cannot proceed because he has offered no support therefor in his complaint or later reply. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)). Even had he supported his claim for relief under the State Constitution, the Court would not elect to entertain it under its supplemental jurisdiction, after the U.S. Constitutional claims had failed. *Gregory v. Hunt, et al.*, 24 F.3d 781 (6th Cir. 1994).

In light of the foregoing, the appointment of counsel herein would be inappropriate, even futile, as he or she could not change the result reached herein based on current federal law. *See*

*Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1) The defendant's motion to dismiss [Record No. 12] is **GRANTED**;

(2) the plaintiff's motion for appointment of counsel [Record No. 3] is **DENIED**;

(3) this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

Dated this 14th day of August, 2006.

Signed By:

*Karen K. Caldwell* KKC

**United States District Judge**